

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,060-02

### EX PARTE KEITH BOOKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR00-170 IN THE 235TH DISTRICT COURT
### FROM COOKE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to thirty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Booker v. State*, No. 02-02-00119-CR (Tex. App. — Fort Worth, October 30, 2003) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

for various reasons, before and during trial.

Applicant alleges that counsel failed to investigate and adequately prepare for trial. Applicant's prior counsel had filed a motion to require the State to reveal the identity of a confidential informant, and Applicant alleges that trial counsel was ineffective for failing to urge the motion. Applicant alleges that counsel failed to interview the State's witnesses. Applicant alleges that counsel failed to challenge the sufficiency of the affidavit in support of the arrest warrant, and failed to file a motion to suppress the evidence as unlawfully seized.

Applicant alleges that trial counsel failed to object when the State amended the indictment on the day of trial, and failed to strike two venire members who knew or were related to the prosecutor.

Applicant alleges that trial counsel failed to challenge the chain of custody of the drug evidence, failed to object to the admission of the drug analysis report without the chemist who performed the analysis, failed to object to an unqualified police officer testifying as an expert about drug analysis, and failed to have the drugs independently analyzed.

Applicant alleges that trial counsel failed to object when the prosecutor made various improper statements during closing arguments.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the

appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: February 25, 2015
Do not publish